UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


MICHAEL H. LEE                                    CIVIL ACTION

VERSUS                                            No. 08-2161

ABDON CALLAIS OFFSHORE, LLC                       SECTION "C" (1)


**ORDER AND REASONS**

Before the Court is a Motion to Strike Jury Request by plaintiff Michael Lee ("Lee"). (Rec. Doc. 33). Defendant Abdon Callais Offshore, LLC, ("Abdon Callais") opposes. Based on the memoranda of parties and the relevant case law, the Court GRANTS plaintiff's motion.


**I. Background**

In his original complaint, Lee asserted jurisdiction on the basis of 28 U.S.C. § 1333, which provides that the United States District Courts shall have original jurisdiction in any civil case of admiralty or maritime jurisdiction. (Rec. Doc. 1 at 2). Lee requested a jury trial. (Rec. Doc. 1 at 7). In its answer, Abdon Callais agreed that jurisdiction was proper, and similarly requested a jury trial. (Rec. Doc. 5 at 2, 5).

On November 3, 2009, Lee filed the instant Motion to Strike Jury Request (Rec. Doc. 33)

and concurrently filed a Motion to Correct/Amend Complaint (Rec. Doc. 32). On November 17, 2009, Magistrate Judge Shushan granted Lee's Motion to Amend/Correct Complaint to designate this action as proceeding under Federal Rule of Civil Procedure 9(h). (Rec. Doc. 43).

**II. Law and Analysis**

Magistrate Judge Shushan's reasoned opinion provided a clear picture of the law at issue in this matter:

> In *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008), the Fifth Circuit held that "a LLC should not be treated as a corporation for purposes of diversity jurisdiction. Rather, the citizenship of a LLC is determined by the citizenship of all of its members." 542 F.3d at 1080. Thus, it is not undisputed that diversity jurisdiction exists since the complaint contains no allegations concerning the identity or citizenship of the members of Abdon Callais.

(Rec. Doc. 43 at 1-2).

Judge Shushan also identified the controlling passage from *Becker v. Tidewater, Inc.*, 405 F.3d 257 (5th Cir. 2005):

> Baker Hughes has no right to a jury trial. Becker's . . . LHWCA and negligence claims do not alter the historical exclusion of jury trials for admiralty suits. Importantly, Becker never asserted diversity jurisdiction, or any other basis of jurisdiction which would provide Baker Hughes a right to a jury trial under the Seventh Amendment. Despite Baker Hughes's rhetoric that because factual diversity exists the right to a jury trial vests in Baker Hughes, it is well settled that the plaintiff is master of his complaint, and Becker has the exclusive power to invoke diversity jurisdiction. By failing to do so, the possible factual existence of diversity between parties does not give rise to the legal existence of diversity jurisdiction. Thus, Baker Hughes has no constitutionally or statutorily based right to a jury trial, and Baker Hughes cannot use the Federal Rules to create such a right where one does not already exist.

2

405 F.3d at 259 (citations omitted). Following *Tidewater*, the Court concludes that Abdon Callais has no right to a jury trial.

Accordingly,

IT IS ORDERED that plaintiff Michael Lee's Motion to Strike Jury request is GRANTED. (Rec. Doc. 33).

New Orleans, Louisiana, this 23rd day of December, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE